IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LETWAON HARMON, Inmate #B62963,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL NO. 03-362-GPM |
| ) | |
| **LIEUTENANT AESLY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, a former inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

Plaintiff states that on July 5, 2001, at Menard Correctional Center, Defendant Corrections Officer Dunn instructed Plaintiff to gather his property so that he could be moved to another cell. Dunn escorted Plaintiff to his new cell, and as they approached, inmate Wilson, housed in the cell, began to shout threats, stating that if Plaintiff was put into the cell with him he would physically harm Plaintiff. Despite repeated threats from Wilson, Defendants Officers Dunn, Bryan, and Taylor physically forced Plaintiff into the cell. After Dunn removed the handcuffs from both Plaintiff and Wilson, Wilson began physically attacking Plaintiff, striking him in the face, knocking him to the ground, and kicking and punching him in the head and abdomen. Plaintiff yelled to Dunn, Wilborn, Bryan, and Taylor, and four other unknown officers standing outside the cell, asking for help, but

the officers laughed and urged Plaintiff to get up and fight back. Plaintiff asked Dunn and Wilborn to call a medical technician, but Dunn refused stating, "For what? I don't see any blood." At some point during the attack, Defendant Lieutenant Aesly came to the cell and saw Wilson attacking Plaintiff, but he did not intervene or attempt to stop the attack. Eventually, Captain Lashbrook came to the cell, sprayed pepper spray at inmate Wilson, removed Plaintiff from the cell, and took him to the Health Care Unit, where he was treated for injuries to his head, ribs, groin, and stomach. Plaintiff alleges that the attack lasted approximately 45 minutes.

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty … to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Luttrell v. Nickel*, 129 F.3d 933, 935 (7th Cir. 1997). In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm and that the defendants acted with "deliberate indifference" to that danger. *Id.*; *Reed v. McBride*, 178 F.3d 849, 852 (7th Cir. 1999). A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001).

Based on these standards, the Court is unable to dismiss any portion of the complaint at this point in the litigation. *See* 28 U.S.C. § 1915A.

Accordingly, the Clerk of Court is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for

Defendants *AESLY, DUNN, TAYLOR, BRYAN,* and *WILBORN*. The Clerk shall forward those forms, the USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants *AESLY, DUNN, TAYLOR, BRYAN,* and *WILBORN* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of the Illinois Department of Corrections ("IDOC") who no longer can be found at the work address provided by Plaintiff, IDOC shall furnish the Marshal with that Defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from IDOC pursuant to such order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a Defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk of Court prepare a summons for that Defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as

requested.

- Personally serve process and a copy of this Memorandum and Order upon that Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for that Defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said Defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally-served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless that Defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to Defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2) of the United States District Court for the Southern District of Illinois, this action is **REFERRED** to a United States Magistrate Judge for further pretrial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties*

*consent to such a referral*.

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to do so shall result in dismissal of this action under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED: 05/19/05

                                                s/ G. Patrick Murphy  
                                                G. PATRICK MURPHY  
                                                Chief United States District Judge